# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH BACON-VAUGHTERS, | |
| Petitioner, | Civ. No. 18-9034 (FLW) |
| v. | |
| STEVEN JOHNSON et al., | **MEMORANDUM AND ORDER** |
| Respondents. | |

Petitioner *pro se*, Kenneth Bacon-Vaughters ("Petitioner"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) Presently before the Court are a motion by Petitioner "for leave to file a substantially equivalent petition for a writ of habeas corpus" and a motion for a protective stay of this proceeding. (ECF Nos. 2 & 3.)

It appears that Petitioner employed a form petition intended to raise § 2254 habeas claims in the United States District Court for the Northern District of California. Otherwise, the form petition substantially conforms to the requirements of applicable rules in this Court. Thus, to the extent that Petitioner's motion for leave to file a substantially equivalent petition for writ of habeas corpus is intended to convince the Court to excuse this superficial defect of the Petition, the motion is granted.

Petitioner's second motion seeks an order granting a stay of this proceeding in abeyance to permit him to exhaust a claim before the state courts that his sentence was "illegal." (ECF No. 3.) When presented with a petition that contains both exhausted and unexhausted claims—a so-called mixed petition—a court may grant a protective stay to permit the petitioner to exhaust the unexhausted claims without letting the limitations period expire on the exhausted claims. *See*

*Rhines v. Weber*, 544 U.S. 269, 275–78 (2005). The petition in this case is not a mixed petition, as it does not include the illegal-sentence claims that Petitioner now seeks to exhaust in state court. Accordingly, a stay cannot be granted, and the motion is denied.

The Court, however, construes Petitioner's motion as notice that his petition may not include every ground upon which he seeks habeas relief. Because the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally bars the filing of a second or successive petition for writ of habeas corpus, 28 U.S.C. 2244, "it is essential that habeas petitioners include in their first petition *all* potential claims for which they might desire to seek review and relief," *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000). Accordingly, the Court will give Petitioner 45 days to notify the Court as to whether he (1) wishes to have his Petition ruled on as filed or (2) wishes to withdraw his Petition and submit one all-inclusive § 2254 Petition. If Petitioner wishes to submit an amended petition, he shall do so within 45 days of the date of this Court's Order.

If Petitioner files an amended petition that includes claims that are unexhausted before the state courts, but that Petitioner intends to exhaust, he may again file a motion for a protective stay. If he elects to do so, Petitioner should note that the Court, in considering a motion for a stay, must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *See Rhines*, 544 U.S. at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013).

Accordingly, IT IS, on this 4th day of December 2018,

ORDERED that Petitioner's motion for leave to file a substantially equivalent petition for a writ of habeas corpus, (ECF No. 2), to the extent it simply asks the Court to accept the Petition despite superficial defects, is GRANTED; and it is further

ORDERED that Petitioner's motion to stay this proceeding, (ECF No. 3), is DENIED without prejudice to his filing of another motion for a stay if he subsequently files a mixed petition; and it is further

ORDERED that Petitioner shall notify the Court within 45 days of the date of this Order whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one all-inclusive § 2254 petition; and it is further

ORDERED that to the extent Petitioner wishes to withdraw his original Petition and submit one all-inclusive amended petition, he must submit the amended petition within 45 days of the date of this Court's Order; and it is further

ORDERED that, if Petitioner fails to submit for filing an amended § 2254 petition within 45 days of the date of the entry of this Order, then this Court will consider Docket Entry Number 1 as Petitioner's one and only all-inclusive § 2254 petition; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order on Petitioner by regular U.S. mail, accompanied by a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely or that Petitioner's claims are or are not duly exhausted.
.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge