# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH BACON-VAUGHTERS, | : | |
| Petitioner, | : | Civ. No. 18-9034 (FLW) |
| v. | : | |
| STEVEN JOHNSON et al., | : | **MEMORANDUM AND ORDER** |
| Respondents. | : | |

Petitioner *pro se*, Kenneth Bacon-Vaughters ("Petitioner"), a state prisoner presently incarcerated at New Jersey State Prison, in Trenton, New Jersey, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) In conjunction with his Petition, Petitioner filed a motion "for leave to file a substantially equivalent petition for writ of habeas corpus" and a motion for a protective stay of the proceeding. (ECF Nos. 2 & 3.) I construed the former motion as simply requesting the Court to accept a petition completed on the wrong district's habeas form and, having interpreted it as such, granted the motion. (ECF No. 4.) I denied Petitioner's stay motion, however, as the Petition did not include any claims that appeared to be unexhausted. (*Id.*) In the interests of justice, I noted that Petitioner's stay motion implied that his habeas Petition might not contain all of Petitioner's potential claims and, accordingly, I permitted Petitioner an opportunity to withdraw his Petition and submit one all-inclusive habeas petition and, if applicable, another motion for a protective stay. (*See id.*)

In response, Petitioner filed another motion "for leave to file a substantially equivalent petition," which included a proposed Amended Petition. (ECF Nos. 6 & 6-1.) He simultaneously filed another motion for a protective stay. (ECF No. 5.) The Amended Petition

adds a claim, in Ground Six, that the trial court failed to properly consider Petitioner's youthfulness when imposing a sentence, citing *Miller v. Alabama*, 567 U.S. 460 (2012), and *State v. Zuber*, 152 A.3d 197 (N.J. 2017).[1] (ECF No. 6-1 at 12–13.) Petitioner indicates that this argument was not raised on direct appeal or during his initial PCR proceeding because *Miller* and *Zuber* were "decided after [his] conviction and sentence." (*Id.*) Petitioner argues that this habeas proceeding should be stayed because he filed a motion to correct his sentence in June 2018, which remains pending before the state courts.[2] (*See* ECF No. 5.) As respondents have not yet been served, there is no opposition to either of Petitioner's motions.

Once again, it is unclear as to what Petitioner seeks in his instant motion "for leave to file a substantially equivalent petition." Indeed, as the Court previously granted Petitioner leave to withdraw his original petition and submit an amended, all-inclusive § 2254 petition, his proposed Amended Petition, (ECF No. 6-1), will be accepted as the operative pleading in this matter. Thus, to the extent this is the relief Petitioner seeks, (ECF No. 6), it is granted.

There is no basis, however, to grant Petitioner's motion for a protective stay. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court found that a court presented with a mixed habeas petition—that is, a petition containing both exhausted and unexhausted claims—may grant a protective stay to permit the petitioner to exhaust the unexhausted claims without letting the limitations period expire on the exhausted claims assuming three elements are satisfied. *See id.* at 275–78. Those three elements are (1) whether good cause exists for the petitioner's failure

---

[1] The Amended Petition also omits a ground for relief included in the original Petition, in which Petitioner alleged that the trial court had erred by failing to instruct the jury on the elements of criminal attempt. (*See* ECF No. 1 at 9.)

[2] Although Petitioner does not make this explicit, I infer from his filings and the procedural history of this case that his motion before the state courts argues that his sentence is improper in light of *Zuber* and *Miller*.

to exhaust all claims in state court, (2) whether the unexhausted claims are potentially meritorious, and (3) whether the petitioner is employing the litigation simply as means of delay. *See id.* at 277; *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

I examine first whether Petitioner can show good cause for his failure to exhaust. As *Zuber* was not decided until January 2017, he may be able to show good cause for his failure to exhaust a claim arising under that case. On the other hand, Petitioner cannot show good cause for his failure to exhaust any claim arising under *Miller*, which was decided in June 2012—well over a year before Petitioner filed his first PCR petition in October 2013. (*See* ECF No. 6-1 at 17.)

Turning to the potential merit of Petitioner's unexhausted claims requires the Court to determine the nature of those claims. Petitioner argues that the trial court should have considered his youthful age at the time of the offense as a mitigating factor in imposing his sentence. (ECF No. 6-1 at 12.) In *Miller*, the U.S. Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," further explaining that a sentencing court must "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Miller*, 567 U.S. at 479–80. The Supreme Court of New Jersey subsequently held, in *Zuber*, that New Jersey courts must consider the same concerns before imposing "sentences that are the practical equivalent of life without parole" or "consecutive terms that would result in a lengthy over all term of imprisonment for a juvenile." *Zuber*, 152 A.3d at 201–02.

Given the manner in which Petitioner has raised the issue, I construe Ground Six of the Amended Petition as primarily asserting a claim under *Zuber*. As *Zuber* is a matter of state, not

federal, law, however, it creates no basis for granting federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)). To the extent that Ground Six could alternatively be construed as seeking relief under *Miller*, it still would not state a potentially meritorious claim for habeas relief. The holding of *Miller* applies to mandatory sentences of "life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. But the state court sentenced Petitioner to 40 years in prison with an 85% parole disqualifier, not life without parole. (*See* ECF No. 6-1 ¶ 3.) Furthermore, the *Miller* holding applies only to juvenile offenders. *See Jackson v. Superintendent Mahanoy SCI*, No. 18-1311, 2018 WL 3996627, at *1 (3d Cir. May 25, 2018); *Graham v. Superintendent Somerset SCI*, No. 17-3660, 2018 WL 2735398, at *1 (3d Cir. Apr. 17, 2018). Thus, it does not apply to Petitioner, who indicates that he was 18 years old at the time of the crime. (*See* ECF No. 6-1 at 12.) *See also State v. Bacon-Vaughters*, No. A-0583-11T3, 2013 WL 656248, at *3 (N.J. Super. Ct., App. Div., Feb. 25, 2013). Accordingly, I do not find that Petitioner can raise a meritorious federal claim under *Miller*, and stay would not be appropriate on this basis.

Lastly, there is no indication that Petitioner is attempting to use these processes as a method of delay, and I perceive no way in which delay would presently help him. Nonetheless, as the claim Petitioner is seeking to exhaust in state court forms no basis for federal habeas relief, no reason exists to grant a protective stay. The denial of a stay results in no prejudice to Petitioner, because his unexhausted habeas claim is facially meritless. Accordingly, the motion for a protective stay is denied.

Furthermore, for the reasons already explained herein, Petitioner's claim in Ground Six is dismissed upon screening under Rule 4 of the Rules Governing § 2254 Cases. I find no basis,

however, to dismiss any other portion of the Petition under Rule 4 without an answer and the record. Thus, respondents shall be served and I direct them to file an answer or a motion to dismiss on timeliness grounds within 45 days.

Accordingly, IT IS, on this 27th day of June 2019,

ORDERED that Petitioner's motion for leave to file a substantially equivalent petition for a writ of habeas corpus, (ECF No. 6), to the extent it simply asks the Court to accept the proposed Amended Petition despite superficial defects, is GRANTED; and it is further

ORDERED that the Clerk of the Court shall docket the proposed Amended Petition, (ECF No. 6-1), as the operative pleading in this case; and it is further

ORDERED that Petitioner's motion for a protective stay this proceeding, (ECF No. 5), is DENIED; and it is further

ORDERED that Petitioner's claim for relief in Ground Six of his Amended Petition (ECF No. 6-1) is dismissed upon screening under Rule 4 of the Rules Governing § 2254 Cases; and it is further

ORDERED that the Clerk of the Court shall serve, pursuant to Rule 4 of the Rules Governing § 2254 Cases, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a county prosecutor's office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of this Order; and it is further

ORDERED that if the Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a motion to dismiss the Petition on timeliness grounds only, provided that the motion (1) attaches exhibits that evince all relevant state-court filing dates, (2) contains legal argument discussing pertinent timeliness law, and (3) demonstrates that an answer to the merits of the Petition is unnecessary; and it is further

ORDERED that if a motion to dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a motion to dismiss the Petition, Respondents shall file a full and complete answer to the claims asserted in the Amended Petition (except Ground Six, which has been dismissed upon screening) within forty-five (45) days of the entry of this Order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the Petition, in accordance with Rule 5(b) of the Rules Governing § 2254 Cases; and it is further

ORDERED that Respondents' answer shall address the merits of each remaining claim raised in the Amended Petition by citing to relevant federal law; and it is further

ORDERED that, in addition to addressing the merits of each remaining claim, Respondents shall raise by way of the answer any appropriate defenses that Respondents wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Rule 5(c) and (d) of the Rules Governing § 2254 Cases in providing the relevant state-court record of proceedings, including any *pro se* filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state-court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, *see* Rule 5(e) of Rules Governing § 2254 Cases; and it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

/s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge